**EXHIBIT 7**

# BANK ACCOUNT CONTROL AGREEMENT

**THIS BANK ACCOUNT CONTROL AGREEMENT** (the "Agreement") is made and entered into as of January 31, 2018, by and among **NORTHERN TRUST SECURITES, INC.**, a Delaware corporation ("Bank"), **MARY CAROLE MCDONNELL**, individual ("Debtor"), and **BANC OF CALIFORNIA**, NATIONAL ASSOCIATION ("Creditor").

## PREAMBLE

A. Bank has established a bank account, numbered ▮▮▮▮7332 in the name of Debtor (the "Account").

B. Debtor and Creditor have entered into a certain agreement whereby the Debtor has granted Creditor a security interest in the Account and all security entitlements of the Debtor with respect thereto, whether now owned or hereafter acquired, including those entries on the records of the Bank, and any and all renewals, substitutions, replacements and proceeds thereof and all income, interest and other distributions thereon maintained in the name of the Debtor (collectively, the "**Collateral**"). Bank is not a party to such agreement and, as to Bank, only terms set forth and/or defined in this Agreement apply.

C. Creditor, Debtor and Bank are entering into this Agreement to perfect the security interest of Creditor in the Collateral.

## TERMS

1. **Account.** The Bank represents and acknowledges: (a) the Collateral is in its possession, (b) the Debtor's interest in the Collateral as it appears on the Bank's books and records, and (c) that the Debtor agrees and acknowledges that Creditor shall be the sole secured holder of the Collateral as a "secured party" as that term is defined in Division 9 of the Uniform Commercial Code of the State of California ("UCC"). The Bank has not received notice from any other party claiming to have an interest in the Collateral. Except as set forth in paragraph 13 hereof, Bank has not and will not agree with any third party to comply with instructions or other directions concerning the Account or the disposition of funds in the Account originated by such third party without the prior written consent of Creditor and Debtor.

2. **Subordination of Security Interest; Fees.** Bank hereby subordinates to Creditor all security interests, encumbrances, claims and rights of setoff it may have, now or in the future, against the Account or any funds in the Account other than (i) in connection with the payment of Bank's customary fees and charges pursuant to its agreement with Debtor, as currently in effect and as modified by Bank from time to time, (ii) for the reversal of provisional credits, and (iii) as provided in paragraph 7.

3. **Control of Account.** Bank will comply with all instructions it receives from Creditor directing disposition, transfer or withdrawal of funds in the Account and/or any trade, change or liquidation of the portfolio in the Account without further consent of Debtor, including, but not limited to, transfer of funds in the Account to Creditor upon Creditor's notice to Bank that an event of default has occurred under Creditor's loan to Debtor, or guaranteed by Debtor, as determined by Creditor. Until Creditor terminates this Agreement in accordance with the terms herein, Debtor may not withdraw funds

and otherwise deal with the Account in any manner. Bank shall not honor any of Debtor's instructions with respect to the Account. Neither Debtor nor any other person or entity through or under Debtor shall have any control over the use of, or any right to withdraw any amount from, the Account, and Bank will comply only with instructions originated by Creditor directing disposition of funds in the Account without any consent of Debtor. As of the date of this Agreement, Bank will freeze the Account effective with the close of banking business on the date of this Agreement, but the Bank may honor all branch, ATM, point of sale, online and wire transfer activity that has been authorized or initiated prior to the time the freeze has been placed. As used in this Agreement, the term "Business Day" means any day other than a Saturday, Sunday or public holiday under the laws of the State of California. Debtor authorizes Barry K. Rothman ("Debtor's Attorney") as her representative to communicate with the Bank and Creditor on Debtor's behalf. Any communication made to Debtor's Attorney shall be deemed to have been made to Debtor. For avoidance of doubt, Debtor's Attorney does not represent Creditor.

4. <u>Limitation of Liability of Bank</u>. Bank shall have no responsibility or liability to Debtor for complying with instructions concerning the Account originated by Creditor, and shall have no responsibility to investigate the appropriateness of any such instruction, even if Debtor notifies Bank that Creditor is not legally entitled to originate any such instruction.

5. <u>Customer Agreement</u>. In the event of a conflict between this Agreement and any other agreement between Bank and Debtor, the terms of this Agreement will prevail.

6. <u>Statements</u>. Bank shall provide Creditor directly with duplicate copies of the regular monthly bank statements provided to Debtor with respect to the Account. Any applicable fees therefor shall be charged to the Debtor. Such monthly statements shall be received by Creditor within concurrently with Debtor's receipt thereof.

7. <u>Uncollected Funds</u>. Notwithstanding the fact that the Account will be completely blocked and no further deposits or withdrawals shall be made, if any receipts deposited in the Account are returned unpaid or otherwise dishonored, Bank shall have the right to charge any and all such returned or dishonored items against the Account or to demand reimbursement therefor directly from Debtor.

8. <u>Exculpation of Bank; Indemnification by Debtor</u>.

(a) Debtor agrees that Bank shall have no liability to Debtor them for any loss or damage that Debtor may claim to have suffered or incurred, either directly or indirectly, by reason of this Agreement or any transaction or service contemplated by the provisions hereof, except to the extent attributable to the negligence or misconduct of Bank. In no event shall Bank be liable for losses or delays resulting from labor difficulties or other causes beyond Bank's reasonable control. Bank's duties and obligations shall be determined solely by the provisions of this Agreement and customary trust company practices and Bank shall not be liable except for the performance of its duties and obligations as are set forth herein. Bank shall have no obligation to review or confirm that any actions taken pursuant to this Agreement comply with any other agreement or document. Substantial compliance by Bank with its standard procedures for the services Bank is providing hereunder shall be deemed to be exercise by it of ordinary care.

(b)  Debtor shall indemnify and hold Bank harmless from any and all losses, claims, damages, liabilities, expenses and fees, including reasonable attorneys' fees, resulting from the execution of or performance under this Agreement and the delivery by Bank of all or any part of the funds in the Account to Creditor pursuant to this Agreement, unless such losses, claims, damages, liabilities, expenses or fees are primarily attributable to Bank's gross negligence or willful misconduct. This indemnification shall survive the termination of this Agreement.

9.  **Termination.**  This Agreement may be terminated by Debtor only upon delivery to Bank of a written notification thereof jointly executed by Debtor and Creditor. This Agreement may be terminated by Creditor at any time, with or without cause, upon delivery of written notice thereof to each other party. Upon receipt of such written notice by Bank, the obligations of Bank hereunder with respect to the operation and maintenance of the Account shall terminate, Creditor shall have no further right to originate instructions concerning the Account.

10.  **Notices.**  All notices, requests or communications given to Debtor, Creditor or Bank shall be given in writing (including by electronic mail) at the address specified below:

    If to Debtor:  Mary Carole McDonnell

    La Canada, California
    Email: marycarole@bellument.com

    If to Creditor:  Banc of California
    601 S. Figueroa Street, Suite 2800
    Los Angeles, Ca 90017
    Attn:  Commercial Banking

    If to Bank:  The Northern Trust Company
    201 S. Lake Ave. Suite 600
    Pasadena, California 91101
    Attention: Mel Clark, Wealth Manager
    Telephone: (626) 583-5600

With copy of Bank communications to Debtor to:  Law Offices of Barry K. Rothman

    1901 Avenue of the Stars, Suite 370
    Los Angeles, Ca 90067
    Telephone Number:  (310) 557-0062
    Email: bkr@bkrlegal.com

Any party may change its address and /or telephone and fax numbers for notices hereunder by giving notice to each other party hereunder given in accordance with this paragraph 10. Each notice, request or other communication given under this paragraph 10 shall be effective (i) if given by email, when such email is transmitted to the email address, if any, specified in this paragraph 10 and confirmation of receipt by the sending party is obtained, (ii) if given by overnight courier, the next Business Day after such communication is deposited with the overnight courier for delivery, addressed as aforesaid, or (iii) if given by any other means, when delivered at the address specified in this paragraph 10.

11. <u>Disclosure of Debtor Information or Activity.</u>  Bank shall disclose to Creditor all information concerning Debtor's activities or attempted activities in connection with the Account, as requested by Creditor in addition to the information specifically set forth herein regarding the provision of duplicate statements to Creditor.

12. <u>Reliance.</u>  Bank may rely, and Bank shall be protected in acting, or refraining from acting, upon any notice (including but not limited to electronic mail of such notice) believed by Bank to be genuine and to have been given by the proper party or parties.

13. <u>Right to Place Hold; Bankruptcy; Interpleader.</u>  If at any time: (a) Bank, in good faith, is in doubt as to the action it should take under this Agreement, (b) Debtor becomes subject to a voluntary or involuntary bankruptcy, reorganization, receivership or similar proceeding, or (c) Bank is served with legal process which it in good faith believes prohibits the disbursement of the funds deposited in the Account, then Bank shall have the right to (i) place a hold on the funds in the Account until such time as it receives an appropriate court order or other assurance satisfactory to it as to the disposition of the funds in the Account, or (ii) commence, at Debtor's expense, an interpleader action in any competent federal or state court located in the State of California, and otherwise to take no further action except in accordance with written instructions from Creditor or in accordance with the final order of a competent court, served on Bank.  Bank shall promptly notify Creditor in writing upon occurrence of any events under subsections (a) to (c) of this paragraph 13 and shall reasonably cooperate with Creditor.

14. <u>Miscellaneous.</u>

(a) This Agreement may be amended only by a written instrument executed by Creditor, Bank and Debtor acting by their respective duly authorized representatives.

(b) This Agreement is the entire agreement among all of the parties hereto and supersedes all other prior agreements and understandings, both written and oral, with respect to the subject matter hereof.

(c) This Agreement shall be binding upon and shall inure to the benefit of the parties hereto and their respective successors and assigns, but Debtor shall not be entitled to assign or delegate any of its rights or duties hereunder without first obtaining the express prior written consent of Creditor and Bank.

(d) This Agreement may be executed in any number of counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument.

(e) This Agreement shall be governed by the laws of the State of California (without giving effect to its conflicts of law rules).

(f) Each of the parties hereto irrevocably waives any and all right it may have to a trial by jury in any action, proceeding or claim of any nature relating to this Agreement, any documents executed in connection with this Agreement or any transaction contemplated in any of such documents. Each of the parties hereto acknowledges that the foregoing waiver is knowing and voluntary.

*{Remainder of page intentionally left blank}*

IN WITNESS WHEREOF, each of the parties has executed and delivered this Agreement as of the day and year first above set forth.

BANK:

**NORTHERN TRUST SECURITIES, INC.**

By: _____
Mel Clark
Wealth Manager

## ACKNOWLEDGMENT

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California
County of _Los Angeles_

On January _31_, 2018, before me, _Dion Noravian_, Notary Public, personally appeared Mel Clark, a Wealth Manager of Northern Trust Securities, Inc., a _Delaware_ corporation, who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his authorized capacity, and that by his signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature/Seal: _____

My commission expires _NOV 25, 2021_

DION NORAVIAN
Notary Public – California
Los Angeles County
Commission # 2220095
My Comm. Expires Nov 25, 2021

IN WITNESS WHEREOF, each of the parties has executed and delivered this Agreement as of the day and year first above set forth.

CREDITOR:

**BANC OF CALIFORNIA**

By: Banc of California

By: _____
Name: BRYAN HAMILTON
Title: VP | RM

**Address:** 601 S. Figueroa Street, Suite 2800 Los Angeles, CA 90017

## ACKNOWLEDGMENT

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

see attached.

**State of California**
**County of** Los Angeles

On ~~January~~ February 1, 2018, before me, Jennifer Im Nam, Notary Public, personally appeared _____, a _____ of Banc of California, who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his authorized capacity, and that by his signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature/Seal: _____
My commission expires _____

**CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT**  CIVIL CODE § 1189

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California )
County of ___Los Angeles___ )

On ___February 1, 2016___ before me, ___Jennifer Im Nam, Notary Public___,
      Date                                                     Here Insert Name and Title of the Officer

personally appeared ___Bryan Hamilton___
                                                          Name(s) of Signer(s)

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____
                            Signature of Notary Public

[Notary seal: JENNIFER IM NAM, Commission # 2068038, Notary Public - California, Los Angeles County, My Comm. Expires May 12, 2018]

Place Notary Seal Above

――――――――― OPTIONAL ―――――――――
Though this section is optional, completing this information can deter alteration of the document or fraudulent reattachment of this form to an unintended document.

**Description of Attached Document**
Title or Type of Document: _____
Document Date: _____ Number of Pages: _____
Signer(s) Other Than Named Above: _____

**Capacity(ies) Claimed by Signer(s)**
Signer's Name: _____
☐ Corporate Officer — Title(s): _____
☐ Partner — ☐ Limited ☐ General
☐ Individual ☐ Attorney in Fact
☐ Trustee ☐ Guardian or Conservator
☐ Other: _____
Signer Is Representing: _____

Signer's Name: _____
☐ Corporate Officer — Title(s): _____
☐ Partner — ☐ Limited ☐ General
☐ Individual ☐ Attorney in Fact
☐ Trustee ☐ Guardian or Conservator
☐ Other: _____
Signer Is Representing: _____

©2016 National Notary Association • www.NationalNotary.org • 1-800-US NOTARY (1-800-876-6827)   Item #5907

IN WITNESS WHEREOF, each of the parties has executed and delivered this Agreement as of the day and year first above set forth.

DEBTOR:

**MARY CAROLE MCDONNELL**
An individual

By: _____
Mary Carole McDonnell

Address: _[redacted]_
_La Cañada, CA_ _[redacted]_
Email Address: _mary carole mcdonnell@gmail.com_

ACKNOWLEDGMENTS

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California
County of _Los Angeles_

On January _31_, 2018, before me, _Dion Noravian_, Notary Public, personally appeared Mary Carole McDonnell, who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his authorized capacity, and that by his signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature/Seal: _____
My commission expires _Nov 25, 2021_

DION NORAVIAN
Notary Public – California
Los Angeles County
Commission # 2220095
My Comm. Expires Nov 25, 2021

This Bank Account Control Agreement among **MARY CAROLE MCDONNELL,** an individual, Banc of California, and Northern Trust Securities, Inc., a _Delaware_ corporation, dated January _31_, 2018, is hereby acknowledged and agreed to by:

**WITNESS:**

_[signature]_    _[signature]_
             **MARY CAROLE MCDONNELL**
             An individual

Address: _[redacted]_
_La Canada_ _[redacted]_
Email Address: _marycarolemcdonnell@gmail.com_

**ACKNOWLEDGMENT**

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document, to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California
County of _Los Angeles_

On January _31_, 2018, before me, _Dion Noravian_, Notary Public, personally appeared Mary Carole McDonnell, an individual, who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that she executed the same in her authorized capacity, and that by her signature on the instrument the person executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature/Seal: _[signature]_

My commission expires _Nov 25, 2021_

DION NORAVIAN
Notary Public - California
Los Angeles County
Commission # 2220095
My Comm. Expires Nov 25, 2021