# GERAGOS & GERAGOS

A PROFESSIONAL CORPORATION
LAWYERS
HISTORIC ENGINE CO. NO. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411
TELEPHONE (213) 625-3900
FACSIMILE (213) 232-3255
Geragos@Geragos.com

MARCUS PETOYAN      SBN 109817
ERIC HAHN                  SBN 311771
BEN MEISELAS           SBN 277412

Attorneys for Defendant DION NORAVIAN

## UNITED STATE DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BANC OF CALIFORNIA. NATIONAL ASSOCIATION, a national banking association, | Case No.: 8:18-cv-01194 |
| Plaintiff, | The Honorable Cormac J. Carney |
| vs. | **DEFENDANT DION NORAVIAN'S ANSWER TO PLAINTIFF'S COMPLAINT; DEMAND FOR JURY TRIAL** |
| MARY CAROLE MCDONNELL, an individual; DION NORAVIAN, an individual; MERCHANTS BONDING COMPANY (MUTUAL); NOTHERN TURST CORPORATION; MELVIN CLARK JR., an individual; and DOES 1 through 20, inclusive, | Action Filed: July 7, 2018 |
| Defendants. | |

GERAGOS & GERAGOS, APC
HISTORIC ENGINE CO. NO. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411

1   TO THE HONORABLE COURT, ALL PARTIES, AND TO THEIR ATTORNEYS
2   OF RECORD:
3   COMES NOW Defendant DION NORAVIAN (hereinafter "Defendant") answering the
4   Plaintiff's BANC OF CALIFONRIA, NATIONAL ORGANIZATION's Complaint for
5   Damages (hereinafter "Complaint") on file herein for himself and for no other Defendants,
6   admits, denies, and alleges as follows:
7   1.      Answering paragraph 8, Defendant admits he is a licensed notary living in
8   California.
9   2.      Answering paragraphs 2, 33, 38-44, 68-74, Defendant denies generally and
10  specifically each and every allegation contained herein.
11  3.      Answering paragraphs 1,3, 4-7, 9-32, 34-37, 45-67, 75-91, Defendant does not
12  have sufficient information or belief to enable them to answer said paragraph, and on that
13  ground denies each and every allegation contained therein.
14  4.      Further, Defendant affirmatively alleges as follows:

**FIRST AFFIRMATIVE DEFENSE**

(Failure to State a Cause of Action)

17  5.      As and for a first, separate and distinct affirmative defense, Defendant alleges
18  that the Complaint, and each and every allegation, cause of action, or claim for relief
19  contained therein, fails to allege facts sufficient to constitute a cause of action or claim for
20  relief.

**SECOND AFFIRMATIVE DEFENSE**

(Failure to Mitigate Damages)

23  6.  As and for a second, separate and distinct affirmative defense, Defendant is
24  informed and believe and based thereon allege to the extent Plaintiff has suffered damages, if
25  any, Plaintiff in the exercise of reasonable diligence, could and should have mitigated the
26  same, and as a result of its failure and refusal to exercise such reasonable diligence, Plaintiff
27  has not mitigated such alleged damages, thereby releasing Defendant from any and all further
28  liability to Plaintiff. By reason thereof, Plaintiff is barred, in whole or in part, from recovering

GERAGOS & GERAGOS, APC
HISTORIC ENGINE CO. NO. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411

any damages whatsoever from these Answering Defendant.

## THIRD AFFIRMATIVE DEFENSE

(Plaintiff's Conduct as a Bar to Recovery)

7.  As and for a third, separate and distinct affirmative defense, Plaintiff, with full and complete knowledge and understanding of the facts and circumstances, voluntarily participated in, consented to, approved of, and ratified, any and all conduct of the Defendant of which Plaintiff complains. Plaintiff is therefore barred and precluded from any recovery against Defendant herein.

## FOURTH AFFIRMATIVE DEFENSE

(Waiver)

8.  As and for a fourth, separate and distinct affirmative defense, Plaintiff is barred and precluded, in whole or in part, from any recovery against Defendant herein by the doctrine of waiver.

## FIFTH AFFIRMATIVE DEFENSE

(Justification)

9.  As and for a fifth, separate and distinct affirmative defense, Defendant alleges that the conduct of the Defendant of which Plaintiff complains was fair and reasonable under the circumstances.

## SIXTH AFFIRMATIVE DEFENSE

(Estoppel)

10.  As and for a sixth, separate and distinct affirmative defense, Plaintiff is estopped from asserting liability or seeking recovery, in whole or in part, against Defendant herein.

## SEVENTH AFFIRMATIVE DEFENSE

(Unclean Hands)

11.  As and for a seventh, separate and distinct affirmative defense, Defendant alleges that Plaintiff's Complaint is barred in whole or in part by the doctrine of unclean hands.

GERAGOS & GERAGOS, APC
HISTORIC ENGINE CO. NO. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411

GERAGOS & GERAGOS, APC
HISTORIC ENGINE CO. NO. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411

### EIGHTH AFFIRMATIVE DEFENSE

(Justification)

12.    As and for an eighth, separate and distinct affirmative defense, Defendant alleges that the conduct of Defendant of which Plaintiff complains was fair and reasonable under the circumstances.

### NINTH AFFIRMATIVE DEFENSE

(Laches)

13.    As and for a ninth, separate and distinct affirmative defense, Defendant alleges the Plaintiff's Complaint is barred, in whole or in part by the doctrine of laches.

### TENTH AFFIRMATIVE DEFENSE

(Statute of Limitations)

14.    As and for a tenth, separate and distinct affirmative defense, Defendant alleges that each and all of the purported causes of action asserted by the Plaintiff in the Complaint are barred by the applicable statutes of limitation, as set forth in California Civil Code Section 337, *et seq.*

### ELEVENTH AFFIRMATIVE DEFENSE

(Materiality and Reliance)

15.    As and for an eleventh, separate and distinct affirmative defense, Defendant alleges that any representations or omissions alleged in the Complaint were immaterial and not reasonably or actually relied upon by Plaintiff.

### TWELFTH AFFIRMATIVE DEFENSE

(Unjust Enrichment)

16.    As and for a twelfth, separate and distinct affirmative defense, Defendant alleges that Plaintiff's claims are barred by the doctrine of unjust enrichment.

### THIRTEENTH AFFIRMATIVE DEFENSE

(Offset)

17.    As and for a thirteenth, separate and distinct affirmative defense, Defendant alleges that any recovery Plaintiff may be entitled to as a result of the claims asserted in the

Complaint is subject to offset and/or recoupment of amounts owed by Plaintiff to Defendant.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Excuse)

18.     As and for a fourteenth, separate and distinct affirmative defense, Defendant alleges that any failure to perform by Defendant under any agreement purportedly alleged in the Complaint was excused by the acts or omissions of the Plaintiff.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Release and Discharge)

19.     As and for a fifteenth, separate and distinct affirmative defense, Defendant alleges that the claims asserted in the Complaint are barred because, by reason of the acts and omissions of the Plaintiff, Plaintiff has released and discharged Defendant from any liability.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Ratification)

20.     As and for a sixteenth, separate and distinct affirmative defense, Defendant alleges that Plaintiff's claims are barred by the doctrine of ratification.

## RESERVATION OF RIGHTS TO AMEND ANSWER TO ALLEGE FURTHER AND ADDITIONAL AFFIRMATIVE DEFENSES

Defendant alleges that they may have additional defenses that cannot be articulated due to Plaintiff's failure to particularize its claims, due to Plaintiff's failure to provide more specific information concerning the nature of the damage claims and claims for certain costs which Plaintiff alleges Defendant may share some responsibility. Defendant therefore reserves the right to assert additional defenses upon further particularization of Plaintiff's claims, upon examination of the documents provided, upon discovery of further information concerning the alleged damage claims and claims for costs and upon the development of other pertinent information.

Defendant reserves the right to amend their answer herein, including the addition of affirmative defenses after pleading and discovery in preparation for trial.

ANSWER to PLAINTIFF'S COMPLAINT

GERAGOS & GERAGOS, APC
HISTORIC ENGINE CO. NO. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411

WHEREFORE, Defendant prays as follows:

1.      That PLAINTIFF take nothing by this action and that the Complaint be dismissed with prejudice;

2.      That DEFENDANT be awarded the costs of suit incurred, including attorney's fees if allowed by law; and

3.      For such other and further relief as the Court deems just and proper.


DATED:  August 1, 2018                    GERAGOS & GERAGOS, APC



                                          By:_____/s/ Eric Hahn_____
                                                  MARCUS PETOYAN
                                                  ERIC HAHN
                                                  BENJAMIN MEISELAS
                                                  Attorneys for Defendant

ANSWER to PLAINTIFF'S COMPLAINT

## **DEMAND FOR JURY TRIAL**

Defendant hereby demands a jury trial.


DATED:  August 1, 2018                    GERAGOS & GERAGOS, APC



By:_____/s/ Eric Hahn_____
            MARCUS PETOYAN
            ERIC HAHN
            BENJAMIN MEISELAS
            Attorneys for Defendant

GERAGOS & GERAGOS, APC
HISTORIC ENGINE CO. NO. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 644 South Figueroa Street Los Angeles, California 90017-3411.

On August 1, 2018, I served the foregoing document(s) described as **ANSWER to PLAINTIFF'S COMPLAINT** on the interested parties in this action addressed as follows:

8:18-cv-01194 Notice has been electronically mailed to

Thomas J. Umberg, Esq.
Dean J, Zipser, Esq.
Carole E. Regan
UMBERG ZIPSER
1920 Main St. Suite 750
Irvine, CA 92614

*Attorneys for Banc of California, National Association.*

Robert S. McWhorter
Jacqueline N. Vu
BUCHALTER
500 Capitol Mall Suite, 1900
Sacramento, CA 95814

Said service was made by placing true copies thereof enclosed in a sealed envelope(s) addressed as stated above AND,

☒  Placing the envelope for collection and mailing on the date and at our business address following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.

Executed on August 1, 2018, at Los Angeles, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.


/s/ Tony Benitez
Tony Benitez