Shannon M. Benbow (State Bar No. 229224)
sbenbow@wshblaw.com
Mikouya Sargizian (State Bar No. 285976)
msargizian@wshblaw.com
**WOOD, SMITH, HENNING & BERMAN LLP**
501 West Broadway, Suite 1200
San Diego, California 92101
Phone: 619-849-4900 ♦ Fax: 619-849-4950

Attorneys for Defendant, MERCHANTS BONDING COMPANY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| BANC OF CALIFORNIA, NATIONAL ASSOCIATION, a national banking association,<br><br>Plaintiff,<br><br>v.<br><br>MARY CAROLE MCDONNELL. an individual; DION NORAVIAN, an individual; MERCHANTS BONDING COMPANY (MUTUAL); NORTHERN TRUST CORPORATION; MELVIN CLARK JR., an individual; and DOES 1 through 20. inclusive,<br><br>Defendants. | Case No. 8:18-cv-01194<br><br>**ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>Trial Date:   None Set |

Defendant, MERCHANTS BONDING COMPANY (hereinafter "Defendant") answering for itself alone the unverified Complaint (hereinafter "Complaint") of Plaintiff, BANC OF CALIFORNIA, NATIONAL ASSOCIATION, a national banking association (hereinafter "Plaintiff"), admits, denies and alleges as follows:

///

1. Under and pursuant to the provision of California Code of Civil Procedure, §431.30(d) Defendant generally denies each and every allegation in the Complaint, and the whole thereof, and each and every allegation of each cause of action alleged therein, and further expressly denies that as a direct or proximate result of any acts or omissions on the part of this Defendant that Plaintiff herein sustained or suffered injury or damage alleged in the Complaint, or in any amount, or at all, or that Plaintiff has suffered injury or damage for any reason in the sums alleged in the Complaint or in any other sum, or at all.

### FIRST AFFIRMATIVE DEFENSE

2. Plaintiff lacks standing to bring this action or obtain the relief sought by way of its Complaint.

### SECOND AFFIRMATIVE DEFENSE

3. The Complaint, and each purported cause of action alleged therein, fails to state facts sufficient to constitute a cause of action against this Defendant.

### THIRD AFFIRMATIVE DEFENSE

4. The Complaint, and each cause of action therein is barred by the applicable statute of limitations, including but not limited to, California Code of Civil Procedure §§ 335, 335.1, 337, 337.15, 338, 338.1, 339, 340, 340.8, and 343.

### FOURTH AFFIRMATIVE DEFENSE

5. At all times mentioned in the Complaint, the damages alleged therein were either wholly or in part proximately caused by the negligence of persons, firms, corporations, or entities other than this answering Defendant, and the negligence of such other persons, firms, corporations, and/or entities comparatively reduces the percentage of negligence, if any, attributed to said Defendant.

### FIFTH AFFIRMATIVE DEFENSE

6. At all times mentioned in the Complaint, this answering Defendant performed all obligations required by law, and plaintiff is thus precluded from recovery against this answering Defendant.

### SIXTH AFFIRMATIVE DEFENSE

7. Plaintiff failed to give reasonable, adequate and timely notice of the alleged claims against this answering Defendant. Such unreasonable delay has prejudiced the rights of Defendant, and therefore, the Complaint is barred by the doctrine of laches.

### SEVENTH AFFIRMATIVE DEFENSE

8. Plaintiff is barred and precluded from any recovery in this action by reason of its own failure to promptly and reasonably mitigate its damages, if any.

### EIGHTH AFFIRMATIVE DEFENSE

9. Plaintiff is barred by the doctrine of waiver.

### NINTH AFFIRMATIVE DEFENSE

10. Plaintiff was negligent, careless, reckless and unlawfully conducted itself so as to directly and proximately contribute to the happening of the incident and the occurrence of the alleged damages. Said negligence bars either completely or partially the recovery sought by Plaintiff.

### TENTH AFFIRMATIVE DEFENSE

11. Plaintiff engaged in conduct and activities with respect to the subject of this Complaint, by reason of said activities and conduct is estopped from asserting any claims for damages or seeking any other relief against Defendant.

### ELEVENTH AFFIRMATIVE DEFENSE

12. Plaintiff engaged in conduct and activities sufficient to constitute a waiver of any alleged breach of duty, negligence, act, omission, or any other conduct, if any, as set forth in the Complaint.

### TWELFTH AFFIRMATIVE DEFENSE

13. Plaintiff is barred by the equitable doctrine of unclean hands from obtaining the relief requested in the Complaint.

/ / /

/ / /

## THIRTEENTH AFFIRMATIVE DEFENSE

14. The Complaint and each alleged claim asserted therein is vague, ambiguous and uncertain.

## FOURTEENTH AFFIRMATIVE DEFENSE

15. Any recovery on the Complaint, and each purported cause of action contained therein is barred on the ground that if Plaintiff or other person required to be joined in this action suffered or incurred any obligation or liability for any loss, damage or injury as alleged in the Complaint, which obligation or liability Defendant expressly denies, such liability or obligation for such loss, damage or injury was proximately caused and contributed to by Plaintiff's negligent or willful acts or omissions, or the negligent or willful acts or omissions of a person required to be joined in this action, and any recovery against Defendant must be diminished to the extent that any damages were proximately caused by Plaintiff's or such other person's own negligence.

## FIFTEENTH AFFIRMATIVE DEFENSE

16. Any recovery on the Complaint and each purported cause of action contained therein is barred on the ground that if Plaintiff or other persons required to be joined in this action suffered or incurred any obligation or liability for any loss, damage or injury as alleged in the Complaint, which obligation or liability Defendant expressly denies, such liability or obligation for such loss, damage or injury are barred on the grounds that Plaintiff knew, or in the excessive of ordinary care, should have known of the risk of the injuries or damages alleged in the Complaint, if any, and nevertheless did freely and voluntarily assume said undertaking proximately causing and contributing to the loss, injuries, or damages, if any.

## SIXTEENTH AFFIRMATIVE DEFENSE

17. The Complaint and the separate causes of action are barred under the doctrines of collateral estoppel or res judicata or both.

## SEVENTEENTH AFFIRMATIVE DEFENSE

18. Plaintiff's claims, if any, are the result of the acts, omissions and conduct of third parties or independent intervening or superseding causes, which are not the responsibility of Defendant.

## EIGHTEENTH AFFIRMATIVE DEFENSE

19. Plaintiff consented to each of the acts alleged in the Complaint and any recovery therefore is barred.

## NINETEENTH AFFIRMATIVE DEFENSE

20. The events of which Plaintiff complains do not arise from circumstance reasonably foreseeable to Defendant and are not within its reasonable ability to control.

## TWENTIETH AFFIRMATIVE DEFENSE

21. The Complaint and each alleged claim asserted therein is vague, ambiguous and uncertain.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

22. If Defendant is found in some manner responsible to Plaintiff for the matters alleged in the Complaint, any such injuries, damages, penalties or other costs were proximately caused and contributed to by the negligence, fault, acts or omissions of other individuals or entities for whose conduct Defendant is not responsible. By reason of the foregoing, Defendant requests a court declaration of its rights to be indemnified and held harmless by such persons or entities.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

23. Defendant denies that any acts or omissions on the part of itself or its principle actually and/or proximately caused or contributed in any manner to any losses or damages for which Plaintiff seeks recovery.

/ / /

/ / /

/ / /

### TWENTY-THIRD AFFIRMATIVE DEFENSE

24. Defendant denies that any acts or omissions on the part of itself or its principle were a substantial factor in bringing about the injuries and damages for which plaintiff seeks recovery.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

25. Payment of money to Plaintiff for the alleged violations which are the subject of the Complaint would constitute unjust enrichment.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

26. Defendant hereby adopts and incorporates by this reference any and all affirmative defenses asserted or to be asserted by any other defendants in this proceeding to the extent that such affirmative defenses apply.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

27. At all times relevant, Defendant acted with due care and in accordance with all statutory and regulatory requirements.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

28. If Defendant is responsible in any respect for any injuries or damages suffered by Plaintiff, which Defendant expressly denies, such injuries or damages have been caused by or contributed to by others, and Defendant's proportional fault, if any, should be reduced to the extent thereof, in particular for non-economic damages.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

29. The damages alleged in the Complaint are impermissibly remote and speculative, and, therefore, Plaintiff is barred from the recovery of any such damages against Defendant in the within action.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

30. At all relevant times, Defendant acted in accordance with all federal, state and local laws. Retroactive application of statutes, regulations, and/or case law to Defendant's alleged conduct violates the due process and equal protection clauses

of the California Constitution and the Fifth and Fourteenth Amendments of the United States Constitution.

### THIRTIETH AFFIRMATIVE DEFENSE

31. As discovery progresses, other defenses may become apparent or available. Defendant reserves the right to assert other defenses as they become apparent or available and to amend this answer accordingly. No defense is being knowingly or intentionally waived.

**WHEREFORE**, this answering Defendant prays as follows:

1. That Plaintiff take nothing by way of its Complaint;

2. That this answering Defendant be awarded attorneys' fees and costs of suit herein;

3. That if liability is assessed upon this answering Defendant, the liability attributed to this Defendant be limited in direct proportion to the percentage of fault actually attributable to them; and,

4. For such other and further relief as the Court deems just and proper.

DATED: August 7, 2018  WOOD, SMITH, HENNING & BERMAN LLP

By: _____
SHANNON M. BENBOW
MIKOUYA SARGIZIAN
Attorneys for Defendant, MERCHANTS BONDING COMPANY

## DEMAND FOR JURY TRIAL

TO THE COURT AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Defendant, MERCHANTS BONDING COMPANY, hereby demands a Trial by Jury.

DATED: August 7, 2018          WOOD, SMITH, HENNING & BERMAN LLP

By: _____
SHANNON M. BENBOW
MIKOUYA SARGIZIAN
Attorneys for Defendant, MERCHANTS BONDING COMPANY

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE 619-849-4900 ♦ FAX 619-849-4950

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| BANC OF CALIFORNIA, NATIONAL ASSOCIATION, a national banking association,<br><br>Plaintiff,<br><br>v.<br><br>MARY CAROLE MCDONNELL. an individual; DION NORAVIAN, an individual; MERCHANTS BONDING COMPANY (MUTUAL); NORTHERN TRUST CORPORATION; MELVIN CLARK JR., an individual; and DOES 1 through 20. inclusive,<br><br>Defendants. | Case No. 8:18-cv-01194<br><br>**DECLARATION OF SERVICE**<br><br>Persons Served:<br><br>    Thomas Umberg<br>    Dean J. Zipser<br>    Carole E. Reagan<br><br>Date Served:   August 7, 2018 |

   I, the undersigned declare under penalty of perjury that I am over the age of eighteen years and not a party to this action; that I served the below named person/business the following documents: **ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL** in the following manner:

/ / /

/ / /

/ / /

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE 619-849-4900 ♦ FAX 619-849-4950

Thomas Umberg
Dean J. Zipser
Carole E. Reagan
Umberg Zipser LLP
1920 Main Street, Suite 750
Irvine, CA 92614

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

Executed on August 7, 2018, at Aliso Viejo, California.

_____
Carmen R. Vargas