UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | SACV 18-1194 AG (ADSx) | Date | December 20, 2018 |
|---|---|---|---|
| Title | BANC OF CALIFORNIA V. MARY CAROLE MCDONNELL ET AL. | | |

| Present: The Honorable | ANDREW J. GUILFORD | |
|---|---|---|
| Lisa Bredahl | Not Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |

**Proceedings:**   **[IN CHAMBERS] ORDER DENYING *EX PARTE* APPLICATION (DKT. NO. 78.)**

Defendant Northern Trust Corporation filed an *ex parte* application (Dkt. No. 78) to vacate Plaintiff Banc of California's ("BOC") notice of voluntary dismissal without prejudice (Dkt. No. 75). Defendant Melvin Clark joined the *ex parte* application. (Dkt. No. 79.) The Court DENIES Defendants' joint *ex parte* application.

*Ex parte* relief isn't appropriate here. Federal Rule of Civil Procedure 41(a)(1)(A)(i) states that a plaintiff may voluntarily dismiss an action without a court order by filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." Fed. R. Civ. P. 41(a)(1)(A)(i). Northern Trust and Melvin Clark haven't filed an answer or moved for summary judgment. It follows that BOC has an "absolute right" to voluntarily dismiss its action against Northern Trust and Melvin Clark. *See Pedrina v. Chun*, 987 F.2d 608, 609 (9th Cir. 1993) (explaining that Rule 41(a)(1)(A)(i) extends "any defendant who has yet to serve an answer or motion for summary judgment.")

The fact that the Court already ruled on Defendants' 12(b)(6) motion doesn't change this outcome. The prevailing view among circuits is that Fed. R. Civ. P. 41(a)(1)(A)(i) should be read literally, meaning that plaintiff has an absolute right to dismiss—regardless of any effort already expended by defendant—if the defendant hasn't filed an answer or summary judgment motion. *See In re Amerijet Intern., Inc.*, 785 F.3d 967, 973-74 (5th Cir. 2015), as revised, (May 15, 2015); *Marex Tatnic, Inc. v. Wrecked and Abandoned Vessel*, 2 F.3d 544, 546 (4th Cir. 1993); *Carter v. United States*, 547 F.2d 258, 258 (5th Cir. 1977). And, in any event, most courts agree that a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) doesn't terminate a plaintiff's right to unilaterally dismiss an action under Federal Rule 41(a)(1)(A)(i). *See In re Bath*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | SACV 18-1194 AG (ADSx) | Date | December 20, 2018 |
|---|---|---|---|
| Title | BANC OF CALIFORNIA V. MARY CAROLE MCDONNELL ET AL. | | |

*and Kitchen Fixtures Antitrust Litigation*, 535 F.3d 161, 166 (3d Cir. 2008); *Marques v. Federal Reserve Bank of Chicago*, 286 F.3d 1014, 1017 (7th Cir. 2002); *Aamot v. Kassel*, 1 F.3d 441, 444 (6th Cir. 1993).

Nor is the Court convinced by Northern Trust's belief that BOC is engaging in "gamesmanship" by forum shopping. (Dkt. No. 78 at 3.) And, in any event, BOC doesn't provide controlling authority showing how forum-shopping affects a plaintiff's absolute right to dismissal under Federal Rule 41(a)(1)(A)(i). The Court therefore DENIES Defendants' joint *ex parte* application.

Any arguments that the Court did not address in this order either were not convincing or didn't need to be addressed at this time.

|  | : | 0 |
|---|---|---|
| Initials of Preparer | gga | |